No. 90-009

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN RE THE CUSTODY AND
VISITATION OF C.A.C.

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas McKittrick, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Arnie A. Hove, Attorney at Law, Circle, Montana

For Respondent:

Art Tadewaldt, Attorney at Law, Great Falls,
Montana

Submitted on Briefs: August 30, 1990

Decided: October 30, 1990

Filed:

Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

Petitioner Dale Kemmis and respondent Joyce King Isakson are parents of a minor child, C.A.C. Kemmis filed a petition for custody and visitation of the minor child in the Eighth Judicial District, Cascade County. Isakson responded by filing a motion for change of venue to Valley County. The District Court denied Isakson's motion for change of venue and issued an order granting Kemmis reasonable and liberal visitation with the minor child. Isakson now appeals. We reverse.

During the late 1970's Dale Sidney Kemmis and Joyce King Isakson lived together in Glasgow, Montana. On August 27, 1977, a daughter, C.A.C., was born to the parties. When the petitioner and the respondent separated in October 1978, they entered into a custody and support agreement. The agreement provided that the respondent would have custody of the child and the petitioner would have liberal visitation rights and pay $75 per month in support. The agreement also stated that "insofar as is legally permissible" the parties designate the Seventeenth Judicial District Court in Valley County as the court of proper jurisdiction regarding enforcement or modification of the agreement.

Shortly after the separation the respondent mother and child moved to Colorado. After being denied visitation, the petitioner obtained an order from the district court in Rio Blanco County, Colorado establishing visitation and custody, but making no mention of a support obligation. The petitioner, however, had no further

visitation or contact with the child until beginning the current action.

The respondent mother and child moved back to Montana in 1980 and have lived in Valley County for most of the time since. Department of Revenue records indicate that the petitioner paid only $434 in support between May, 1981 and the time of the filing of this action. The respondent mother received AFDC payments from May, 1981 through January, 1989.

In January, 1989, the petitioner filed an action in District Court, Cascade County, the county of his residence, asking the court to adopt and enforce the Colorado order, make provisions for custody and visitation of the parties' minor child, require his surname be given to the parties' minor child and a substitute birth certificate be issued, and determine the support obligation. In March, 1989, the respondent mother filed a motion, brief and affidavit to change venue to Valley County, the resident county of the child. The Montana Department of Revenue was joined as a necessary party and the court issued a temporary visitation order without ruling on the change of venue motion on July 31, 1989.

The hearing on an order to show cause was held October 24, 1989 before Judge Thomas McKittrick. The petitioner was present with counsel but neither the respondent nor her attorney appeared. At the hearing, the District Court denied the respondent's motions for continuance and change of venue. On November 1, 1989, the court entered an order granting the petitioner liberal and reasonable visitation. The respondent mother appeals.

The dispositive issue in this case is whether venue properly lies in the county where the petitioner resides or the county of the child's residence.

The petitioner argues that Cascade County, where he resided 90 days prior to filing the petition for custody and visitation, is the proper venue pursuant to § 25-2-118, MCA. In her initial appearance the respondent filed a motion for change of venue arguing that Valley County as the child's residence is the proper venue pursuant to § 40-4-211, MCA.

The general venue statute provides:

> Unless otherwise specified in this part:
>
> (1) except as provided in subsection (3), the proper place of trial for all civil actions is the county in which the defendants or any of them may reside at the commencement of the action;
>
> (2) if none of the defendants reside in the state, the proper place of trial is any county the plaintiff designates in the complaint;
>
> (3) the proper place of trial of an action brought pursuant to Title 40, chapter 4, is the county in which the petitioner has resided during the 90 days preceding the commencement of the action.

Section 25-2-118, MCA. Subparagraph (3) of § 25-2-118, MCA, provides an exception for cases brought under the Uniform Marriage and Divorce Act found in Title 40, chapter 4.

Although the petitioner repeatedly claims that this case was filed under the Uniform Marriage and Divorce Act (UMDA), it is clear that this action was brought under the Uniform Child Custody and Jurisdiction Act (UCCJA).

4

In both the Colorado action and the present action the petition was for custody and visitation. The petition was not for dissolution of a marriage, as the parties were never married. In Wenz v. Schwartze (1979), 183 Mont. 166, 598 P.2d 1086, this Court outlined the two-part process required to determine whether Montana has jurisdiction to modify another state's decree under the UCCJA. That process required: (1) a determination that Montana had jurisdiction under § 40-1-104, MCA, which by reference incorporates the jurisdictional prerequisites of § 40-4-211, MCA; and (2) a determination that the decree state no longer had jurisdiction or had declined to exercise its jurisdiction. Pierce v. Pierce (1982), 197 Mont. 16, 21, 640 P.2d 899, 902-03. Under the UCCJA the proper county for venue in a child custody case is found in § 40-4-211, MCA, which reads in pertinent part:

> (4) A child custody proceeding is commenced in the district court:
>
> (a) by a parent, by filing a petition:
>
> (i) for dissolution or legal separation; or
>
> (ii) for custody of the child in the county in which he is permanently resident or found; or
>
> (b) by a person other than a parent, by filing a petition for custody of the child in the county in which he is permanently resident or found, but only if he is not in the physical custody of one of his parents.

Section 40-4-211(4), MCA.

In this case, the child has been a continuous resident of Valley County for nearly two years. In addition, she has been a resident of Valley County for most of her life. Thus, the proper

5

county under the UCCJA is Valley County.

The instant case illustrates the need for the entire matter to be heard in the child's home county where an informed decision concerning her best interests can be made on child support and custody as well as visitation. The respondent's motion for change of venue should be granted. We therefore vacate the District Court's order dated November 1, 1989 and remand to the District Court with instructions to grant the motion for change of venue to Valley County.

Reversed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6